# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BBC ICE CREAM LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SPREADSHIRT, INC., and JOHN DOES 1–10,<br><br>*Defendants.* | No. 26 Civ. 2770 (JGK) |

## CONFIDENTIALITY STIPULATION AND
## ~~PROPOSED~~ PROTECTIVE ORDER

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or, in the case of a deposition, may be designated by indicating on the record at the deposition that the information is "CONFIDENTIAL" or by a Party, in writing, within thirty days after receipt of the transcript.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

1

Case 1:26-cv-02770-JGK    Document 29    Filed 06/08/26    Page 2 of 6

3.    A Party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not be deemed an admission of the correctness of the designation nor does it preclude a subsequent challenge thereto unless prejudice can be shown by the designating Party to have resulted from the delay in challenging the designation.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.    The parties will meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.    All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.    Employees of a Party, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation.

b.    Counsel of record and employees of such counsel assigned to and necessary to assist in the litigation;

c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d.    any certified stenographic reporter or videographer and persons assisting such reporter or videographer in the taking, transcription, or other handling of any deposition in this matter;

Case 1:26-cv-02770-JGK    Document 30    Filed 06/09/26    Page 3 of 6

e.  any mediator that the parties may engage in this matter;

f.  any author or addressee of any confidential document or any individual during a deposition who testifies as to his or her knowledge of the document or information;

g.  The Court (or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.  Prior to disclosing or displaying the Confidential Information to the individuals identified in Paragraph 5(a) and (c), counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.  The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information.

Case 1:26-cv-02770-JGK   Document 29   Filed 06/08/26   Page 4 of 6

In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.     With respect to filing documents under seal, the parties agree to follow Section VII of Judge Koeltl's Individual Practices. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.

11.     At the conclusion of litigation, upon written request, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

DATED: June 8, 2026                              Respectfully submitted

s/ Andrew Villacastin                           /s/ *Christopher J. Marino*
Andrew Villacastin                              Christopher J. Marino
Boies Schiller Flexner LLP                      Davis, Malm & D'Agostine, P.C.
55 Hudson Yards                                 225 State Street 11th Floor'
New York, NY 10001                              Boston, MA 02109
(212) 446-2300                                  (617) 367-2500
avillacastin@bsfllp.com                         cmarino@davismalm.com

*Counsel for Plaintiff BBC Ice Cream LLC*       *Counsel for Defendant Spreadshirt Inc.*

SO ORDERED.

John G. Koeltl
United States District Judge

This Order is not binding on
the Court or Court personnel.
The Court reserves the right
to amend it at any time.
So Ordered.
6/9/26    /s/ JGK U.S.D.J.

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signature

_____
Name