DAVIS MALM
ATTORNEYS

**James E. Gallagher**
P: 617.589.3883
jgallagher@davismalm.com

November 23, 2026

APPLICATION GRANTED
SO ORDERED

11/24/26.

John G. Koeltl, U.S.D.J.

Honorable John G. Koeltl
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

**Re: BBC Ice Cream LLC v. Spreadshirt, Inc. and John Does 1-10, Case No. 1:26-cv-02770 (JGK)**

Dear Judge Koeltl:

This office represents Defendant Spreadshirt, Inc. ("Spreadshirt"). Pursuant to Individual Practice VII.A.2 and Section 6 of this Court's Electronic Case Filing Rules & Instructions, Spreadshirt submits this letter-motion requesting that: (a) the Court approve the proposed redactions to two paragraphs of Plaintiff BBC Ice Cream LLC's ("BBC") pre-motion letter concerning its anticipated motion for leave to file a First Amended Complaint, ECF No. 41; and (b) the Court grant Spreadshirt leave to file in redacted form its letter dated November 23, 2026 (the "Opposition Letter"), which responds to BBC's pre-motion letter, ECF No. 41. The proposed redactions are narrowly tailored and limited to non-public descriptions of Spreadshirt's confidential business arrangements, internal technology operations, and content-screening methods, which constitute Spreadshirt's proprietary and trade secret information. Spreadshirt has met and conferred with counsel for BBC, and BBC does not oppose this request.

Through this request, Spreadshirt seeks only to redact limited categories of information, all of which are drawn from deposition testimony and designated "Confidential" under the Confidentiality Stipulation and Protective Order, ECF No. 30. Specifically, these categories include Spreadshirt's internal IT support, escalation, and server-management practices, the terms and economics of Spreadshirt's platform license agreement, Spreadshirt's proprietary screening tools and related intellectual-property screening procedures, and Spreadshirt's advertising and marketing decision-making. Spreadshirt does not seek to redact any legal argument, the identity of the parties or the foreign entities, or general information concerning how Spreadshirt operates

DAVIS MALM
ATTORNEYS



its business. The public versions of BBC's pre-motion letter, ECF No. 41, and the Opposition Letter will still give the public sufficient information to understand the dispute.

While there is a presumption of public access to judicial documents, that presumption may be overcome where sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Where a common-law presumption of access attaches to certain documents, the court must then determine the weight of that presumption. *See id.* at 119. "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120.

First, the weight of the presumption of access here is modest. The redacted materials bear only on background facts concerning Spreadshirt's commercial relationships, internal practices and procedures, and proprietary information. The redacted materials are not directly related to the merits of BBC's trademark claims.

Second, Spreadshirt's countervailing interests are substantial. The redacted information describes the terms of Spreadshirt's intercompany commercial arrangements, the internal architecture and procedures for its IT support, and details concerning Spreadshirt's proprietary screening tools and procedures used to detect potentially infringing designs. That information is not publicly available and allowing public access may cause unintended business harm to Spreadshirt.

Consistent with Individual Practice VII.A.2 and Section 6 of this Court's Electronic Case Filing Rules & Instructions, Spreadshirt is (i) publicly filing a version of the Opposition Letter with the proposed redactions applied, and (ii) electronically filing under seal an unredacted copy with the proposed redactions highlighted.

For these reasons, Spreadshirt respectfully requests that the Court: (a) approve the proposed redactions to two paragraphs of BBC's pre-motion letter, ECF No. 41; and (b) grant Spreadshirt leave to file the Opposition Letter in redacted form and to maintain the unredacted version under seal.

DAVIS MALM
ATTORNEYS



Sincerely,

*/s/ James E. Gallagher*

*James E. Gallagher*
*Admitted Pro Hac Vice*
*Counsel for Defendant Spreadshirt, Inc.*

JEG:dmk

CC: BBC Counsel
Christopher J. Marino, Esq.